IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**, an Illinois Corporation,<br><br>Plaintiff,<br>vs.<br><br>**ROGER A. PLAUTZ AND LINDA S. PLAUTZ**, husband and wife; **ROBERT S. APGOOD**, individually and as Trustee for the **ROBERT S. AND NANCY B. APGOOD LIVING TRUST**; **JAMES S. GLENN** and **"JANE DOE" GLENN**, husband and wife; and **LEGACY HOME INSPECTIONS LLC**, a Washington Limited Liability Company,<br><br>Defendants. | Case No.: 2:22-cv-00068-BAT<br><br>**DEFENDANT APGOOD'S REPLY TO PLAINTIFF ALLSTATE'S RESPONSE TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**<br><br>**NOTED ON MOTION CALENDAR:**<br><br>**MARCH 11, 2022** |

Defendant Robert Apgood, individually and as trustee of the Robert S. and Nancy B. Apgood Living Trust (collectively "Apgood") respectfully submits this Reply to Plaintiff Allstate's Response to Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim for Which Relief May Be Granted and urges this court to grant

DEFENDANT APGOOD'S REPLY TO PLAINTIFF ALLSTATE'S RESPONSE TO MOTION TO DISMISS - 1
*Allstate v. Plautz, et al.*
2:22-cv-00068

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  Apgood's motion or, in the alternative, exercise its discretion and abstain from exercising
2  subject matter jurisdiction over Allstate's claims.

## ARGUMENT

As an initial matter, the Declaration of Douglas F. Foley in Support Of Plaintiff's Response To Defendant Apgood's Motion To Dismiss For Lack of Subject-Matter Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted does not allege any basis upon which this court may rely before it is asked to agree with the wholly conclusory statement, "The aggregate value of the cost to defend the Plautz Defendants, the amount of attorney's fees sought by Defendant Apgood in the underlying matter, and the amount of damages totaling $52,174.40, exceeds $75,000." Upon what basis can this court reach the same conclusion? The declarant does not state that he bases his conclusion on his prior experience. Neither does he offer any expert opinion that the costs and fees in the underlying state cause of action ("State Action") will push the entire coast over the $75,000 mark. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Moreover, Allstate's analysis to include attorneys' fees into the calculation here is misguided. As stated by the cases Allstate cites, the jurisdictional amount in controversy is set by the value of the underlying claim. *Hunt v. Wash. State Apple. Adver. Comm'n,* 432 U.S. 333, 347 (1977). Allstate then cites district court opinions supporting the allegation that specific to an insurance policy, if the insurance policy provides for defense costs and expenses those can be included in calculating the amount in controversy. However, Apgood has no relationship with Allstate. It is without question that Apgood's claim asserted against Plautz does not exceed $75,000. Allstate's assertions means that Apgood gets dragged into a federal court action, *separate from and in addition to the action Apgood already filed,* based solely upon Plautz's choice of insurer.

DEFENDANT APGOOD'S REPLY TO PLAINTIFF
ALLSTATE'S RESPONSE TO MOTION TO
DISMISS - 2
*Allstate v. Plautz, et al.*
2:22-cv-00068

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Allstate further asserts that where an underlying statute authorized an award of attorneys' fees, such may be including in the amount in controversy. However, there is no such underlying statute pertaining to Apgood's claim against Plautz. Allstate does not even argue there is.

Nevertheless, plaintiff Allstate goes to great lengths in developing and presenting its argument that its declaratory judgment remedy is applicable with regard to the State Action commenced by Apgood against the Plautz and Glenn defendants. Whether this court agrees with Allstate's argument, or with Apgood's motion to dismiss, rests solely in the discretion of this court.

Even if this court does favor Allstate's argument, Apgood encourages this court to abstain from exercising subject matter jurisdiction.

The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts. See, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). In exercising that discretion, "[a] district court should [1] avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative litigation." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart v. Excess Ins. Co. of Am.*, 315 U.S. 491, 495 (1942).

In the underlying State Action, Apgood has alleged claims for fraud in the inducement by the Plautz defendants by providing an incomplete and false report regarding the condition of the house Apgood purchased from the Plautz defendants, and negligence by the Plautz defendants to make the Glenn defendants aware of the secondary attic space wherein the roof damage was readily apparent. These claims will necessarily require complex findings of fact in the State Action.

DEFENDANT APGOOD'S REPLY TO PLAINTIFF
ALLSTATE'S RESPONSE TO MOTION TO
DISMISS - 3
*Allstate v. Plautz, et al.*
2:22-cv-00068

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

It is possible that one damage theory will emerge as the correct one during fact discovery. It is also possible that a new theory of property damage causation – one not pled in the initial complaint – will emerge in the course of the litigation.

The important point for the court's purposes here, is that construing the contours of the policy's coverage exclusions could lead the court to confront a matrix of complex state insurance law questions before it is clear that those questions require resolution. The state court proceeding will address Plautz's liability, if any, and develop a factual record reflecting the manner in which any damage to the Apgood home occurred. Thus, abstention will ensure that any future dispute over the scope of the policy's coverage will go forward with the benefit of a developed factual record. Further, Apgood submits that the state court trying the State Action could, in the interests of judicial economy, present the jury with a special interrogatory concerning the precise cause of any property damage to the Apgood home. Doing so would reduce the likelihood of future, duplicative litigation on that issue, and enable Allstate and Plautz to reach a prompt resolution of their dispute after the State Action's conclusion.

If Allstate has a viable declaratory action, such should be heard within the action already filed by Apgood against Plautz, rather than having to potentially litigation the same issues in two different courts.

## **CONCLUSION**

In sum, Apgood's claim against Plautz does not exceed $75,000.

Further, this court is encouraged to conclude that abstention will avoid "needless determination of state law issues," and reduce the potential for duplicative litigation down the road. *Dizol*, 133 F.3d at 1223. Accordingly, the court is respectfully requested to exercise its discretion to abstain from hearing Allstate's claim for declaratory relief.

In concluding that abstention is warranted, the court would not need reach the merits of Allstate's affirmative claims.

Based upon the above, Apgood requests that this court dismiss this case without

DEFENDANT APGOOD'S REPLY TO PLAINTIFF
ALLSTATE'S RESPONSE TO MOTION TO
DISMISS - 4
*Allstate v. Plautz, et al.*
2:22-cv-00068

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

prejudice to Allstate renewing its legal arguments concerning the scope of its indemnity obligations in a future proceeding or, more appropriately, in the Snohomish County proceeding where Apgood and Plautz are already litigating.

Respectfully submitted,

DATED this 11th day of March, 2022.

FREEMAN LAW FIRM

By: */s/ Spencer D. Freeman*
Spencer D. Freeman, WSBA No. 25069
FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
Email:      sfreeman@freemanlawfirm.org
            sierra@freemanlawfirm.org
*Attorney for Defendants Robert S. Apgood and Robert S. and Nancy B. Apgood Living Trust*

DEFENDANT APGOOD'S REPLY TO PLAINTIFF ALLSTATE'S RESPONSE TO MOTION TO DISMISS - 5
*Allstate v. Plautz, et al.*
2:22-cv-00068

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)