UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROGER A PLAUTZ and LINDA S. PLAUTZ, husband and wife; ROBERT S. APGOOD, individually and as Trustee for the ROBERT S. AND NANCY B. APGOOD LIVING TRUST; JAMES S. GLENN and "JANE DOE" GLENN, husband and wife; and LEGACY HOME INSPECTIONS, LLC, a Washington Limited Liability Company, et al.,<br><br>Defendants. | CASE NO. 2:22-cv-00068-BAT<br><br>**ORDER DENYING DEFENDANT APGOOD'S MOTION TO DISMISS** |

Defendants Robert S. Apgood and the Robert S. and Nancy B. Apgood Living Trust, Robert S. Apgood, Trustee ("Defendant Apgood") move to dismiss Plaintiff's Complaint for Declaratory Judgment (the "Declaratory Judgment Action") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 12. Defendant Apgood contends the amount in controversy threshold of $75,000 has not been met and Plaintiff Allstate Property and Casualty Insurance Company ("Allstate") has failed to state a claim upon which relief may be granted because Defendant Apgood has made no demands on Plaintiff. *Id.*

ORDER DENYING DEFENDANT
APGOOD'S MOTION TO DISMISS - 1

Allstate responds that the amount in controversy clearly exceeds $75,000 as, in addition to the recovery sought by Defendant Apgood ($52,174.40 in economic damages plus reasonable attorney's fees), there is the additional cost of defending Roger A. Plautz and Linda S. Plautz (the "Plautz Defendants") in the underlying state court lawsuit (the "Underlying Action"). Dkt. 18. Allstate also contends Defendant Apgood has an interest in the Underlying Action and is a necessary party. *Id.* In his Reply, Defendant Apgood argues in the alternative, that the Court should abstain from exercising subject matter jurisdiction to avoid duplicative litigation. Dkt. 23.

The Court ordered additional briefing on Defendant Apgood's abstention argument and defense costs in the Underlying Action. Dkt. 24. *See* Dkt. 25, Surreply of Allstate; Dkt. 27, Surreply of Apgood. Having carefully reviewed the parties' filing and balance of the record, the Court finds that Defendant Apgood's motion to dismiss should be denied.

## BACKGROUND

Allstate brought the Declaratory Judgment Action against Defendant Apgood and the Plautz Defendants seeking a determination that it has no duty to defend or indemnify the Plautz Defendants against Defendant Apgood's claims and no duty to indemnify Defendant Apgood in the Underlying Action pursuant to its contract of insurance with the Plautz Defendants. Dkt. 1.

In the Underlying Action, Defendant Apgood sued the Plautz Defendants for fraudulent inducement and negligence for allegedly misrepresenting material facts in the sale of a residence. Dkt. 1, Ex. 1. Defendant Apgood alleged claims for fraud in the inducement by the Plautz Defendants for providing an incomplete and false report regarding the condition of the house and negligence for failing to reveal roof damage. Defendant Apgood seeks economic damages of $52,174.40, costs, disbursements, and reasonable attorney's fees. Dkt. 12; Dkt. 1, Ex. 1.

On December 2, 2021, Allstate appointed the Wieck Wilson Law Firm, PLLC, to defend the Plautz Defendants in the Underlying Action under a reservation of rights. Dkt. 19, Declaration of Douglas F. Foley. Counsel for Plaintiff has a good faith belief that the aggregate value of the cost to defend the Plautz Defendants under a reservation of rights coupled with the amount of damages ($52,174.40) and attorney's fees sought by Defendant Apgood, exceeds the jurisdictional requirement of $75,000. *Id.* According to Mr. Foley, the claims against the Plautz Defendants and the home inspector are highly factual in terms of the parties' conduct, knowledge of the alleged property defects, and extent of damages asserted. Dkt. 26, ¶ 5. Both transactional and consulting experts have been retained, including a roof specialist who has provided an extensive declaration with exhibits and damages attributed to the allegedly failed real estate transaction and damages asserted. Dkt. 26, ¶¶ 6-8; Ex. A. Defendant Apgood's attorney acknowledges that the claims in the Underlying Action "will necessarily require complex findings of fact in the State Action" and that it is possible that more than one damage theory will immerge during discovery. Dkt. 23, pp. 3-4.

Mr. Foley anticipates that the exchange of documents, trial preparation, a week-long trial and/or arbitration will be extensive and will involve several expert and fact witnesses, all of whom are subject to deposition and are expected to testify. Dkt. 26, Foley Decl., ¶ 8. Based on his personal experience of nearly 42 years in trying similar matters on the merits, it is Mr. Foley's good faith belief that it is legally certain that the cost to defend the Plautz Defendants against Defendant Apgood's claims will exceed $25,000 to include: an estimated $12,500 for pre-trial discovery including written and testimonial discovery of fact witnesses, depositions of at least three experts (one per side), and exchange of documents; an estimated $5,000 for preparation and costs of a one to two day arbitration; an estimated $12,000 plus for a one-week

ORDER DENYING DEFENDANT
APGOOD'S MOTION TO DISMISS - 3

1  jury trial in a three-party case. Dkt. 26, Foley Decl., ¶¶ 11-13.

2  DISCUSSION

3  A.     Motion to Dismiss – Jurisdictional Grounds

A federal district court has subject-matter jurisdiction if the parties to the lawsuit are completely diverse and if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (2011). A 12(b)(1) motion is a challenge to the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A defendant must assert this defense by motion as a preliminary matter, before filing a responsive pleading to the complaint. Fed. R. Civ. P. 12(b).

In a declaratory relief action, the amount in controversy for diversity jurisdiction purposes is "the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). When an insurer contests the applicability of its liability coverage to a particular issue, the value of the object in litigation is "the value of the underlying potential tort action." *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). An insurer's declaratory relief action to determine a duty to defend and indemnify their insured in a pending state court case creates an actual case or controversy within the meaning of Article III, even when the underlying liability action has not yet proceeded to judgment. *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (citing *Md. Casualty v. Pac. Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

Allstate seeks a declaration that it is not obligated to defend or indemnify the Plautz Defendants against the claims brought by Defendant Apgood and that it has no duty to indemnify Defendant Apgood in the Underlying Action. According to Allstate, the aggregate cost of defending the Plautz Defendants (estimated to exceed $25,000), the amount of attorney's fees sought by Defendant Apgood, and the $52,174.40 in economic damages sought by Defendant

ORDER DENYING DEFENDANT
APGOOD'S MOTION TO DISMISS - 4

1 | Apgood, easily exceeds $75,000. *See* Dkt. 19; Dkt. 26, Foley Decl. Defendant Apgood counters
2 | that Allstate is merely speculating as to the costs of defense and that there is no underlying
3 | statute authorizing an award of attorney fees as to his claims against Defendants Plautz. Dkt. 23,
4 | p. 3. However, Defendant Apgood is seeking recovery of his attorney's fees in the Underlying
5 | Action. In Washington, he may be entitled to an award of those fees if he proves reliance on a
6 | fraudulent representation by Defendants Plautz. *See e.g., Stieneke v. Russi*, 145 Wn. App. 544,
7 | 571, 190 P.3d 60 (2008) (attorney's fees are "on the contract" and may be awarded where a party
8 | relies on a fraudulent representation in the purchase of a home). *See, also,* Dkt. 13, Declaration
9 | of Defendant Apgood, ¶ 7 ("In the Snohomish County Superior Court Cause No. 21-2-05991-31,
10 | Apgood is seeking recovery of $52,174.40 in economic damages (the sum of the roof and
11 | electrical panels) plus costs and reasonable attorney's fees.")

12 |       The Ninth Circuit uses the "legal certainty" test to determine whether the complaint
13 | meets § 1332(a)'s amount in controversy requirement. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th
14 | Cir. 2015); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir.
15 | 1986) (adopting the "legal certainty" test). Under this test, "the sum claimed by the plaintiff
16 | controls if the claim is apparently made in good faith." *Naffe*, 789 F. 3d at 1040. Furthermore, it
17 | must appear to a legal certainty that the claim is really for less than the jurisdictional amount to
18 | justify dismissal." *Id.*, citing *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89,
19 | 58 S. Ct. 586, 82 L. Ed. 845 (1938); see also *Geographic Expeditions, Inc. v. Estate of Lhotka ex
20 | rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

21 |       Allstate has provided evidence to support its good faith belief that the costs to defend the
22 | real property claims at issue in the Underlying Action exceed $25,000. *See* Dkt. 26, Foley Decl.,
23 | ¶ 12 (costs associated with discovery: both written and testimonial of parties, expert and fact

ORDER DENYING DEFENDANT
APGOOD'S MOTION TO DISMISS - 5

witnesses, defense consultation with experts, preparation through arbitration and then a jury trial, will certainly exceed the sum of $25,000); ¶ 13 (depositions involving experts for each named party will likely present costs in the range of $12,500 alone); ¶ 13 (cost of preparation necessary for Arbitration is up to $5,000); ¶ 14 (cost of a jury trial involving all issues and all parties is at least $12,000). This amount, coupled with Defendant Apgood's claim of $52,174.40 in economic damages and reasonable attorney fees, exceeds $75,000.

Defendant Apgood is unable prove with legal certainty that the amount in controversy will not exceed $75,000. In fact, Defendant Apgood acknowledges that his claims in the Underlying Action involve complex findings of fact and possibly more than one theory of property damage. Thus, it is reasonable to conclude that the costs in the Underlying Action will increase depending upon the complexity of the issues and defenses. When this Court considers the aggregate value of the Underlying Action, the costs to defend, and the attorney's fees that may be recovered by Defendant Apgood, the amount in controversy clearly exceeds $75,000. Therefore, Defendant Apgood's motion to dismiss on this basis is denied.

B.     <u>Failure to State a Claim</u>

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or the "formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

Defendant Apgood argues that Allstate lacks standing to sue him in the Declaratory Judgment Action because he has made no claim on Allstate. Dkt. 13, Apgood Decl., ¶¶ 1-4. Defendant Apgood also contends that Allstate has failed to plead sufficient facts to support its claim for indemnification for the claims of Defendants Apgood.

In commencing this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, Allstate had both the right and the obligation to name Defendants Apgood because as the injured parties in the Underlying Action, the Apgoods are necessary parties here. *See* Fed. R. Civ. P. 19(a); *Allstate Ins. Co. v. King*, No. C13-433-TSZ, 2013 WL 5302494, * 1 (W.D. Wash. Sept. 19, 2013), (citing the following cases: *Greenwich Ins. Co. v. Rodgers*, 729 F.Supp.2d 1158, 1164–65 (C.D.Cal.2010) (in a declaratory judgment action brought by an insurer, granting the insured's motion for compulsive joinder of a passenger injured in the automobile accident at issue); *Colony Ins. Co. v. Events Plus, Inc.*, 585 F.Supp.2d 1148, 1156–57 (D.Ariz.2008) (characterizing as "well-settled" the principle that an injured person is a necessary party in an action for declaratory judgment concerning insurance coverage); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Mass. Mun. Wholesale Elec. Co.*, 117 F.R.D. 321, 322–23 (D.Mass.1987) (declining the underlying claimant's motion to be "dropped" as a party in the related declaratory judgment action brought by the insurer); *see also Ga.-Pac. Corp. v. Sentry Select Ins. Co.*, 2006 WL 1525678 (S.D.Ill. May 26, 2006) (the underlying tort claimant is not a necessary or indispensable party with regard to the duty-to-defend portion of an insurer's declaratory judgment action, but is required to be joined under Rule 19 as to the indemnification portion of such action)).

ORDER DENYING DEFENDANT
APGOOD'S MOTION TO DISMISS - 7

Here, a decision that Allstate is not obligated to provide coverage to the Plautz Defendants on Defendant Apgood's claims against them will affect Defendant Apgood's ability to recover damages. Furthermore, the absence of Defendants Apgood as a named party in this lawsuit could risk inconsistent determinations in multiple lawsuits.

Because Defendant Apgood has an interest in the controversy between Plaintiff and the Plautz Defendants and is a necessary party in the Declaratory Judgment Action, Plaintiff has sufficiently stated the basis for its claims and Defendant Apgood's motion to dismiss on this basis is denied.

C.    Abstention

Alternatively, Defendant Apgood contends that the Court should abstain from exercising subject matter jurisdiction to avoid duplicative litigation as the liability of the Plautz Defendants will be determined in the Underlying Action and any future dispute over coverage will benefit from an already developed factual record. Dkt. 23, p. 4.

"Any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. However, a district court is not required to exercise jurisdiction over all declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). A federal court should not exercise its discretion to grant declaratory relief "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991), *abrogated on other grounds by Wilton*, 515 U.S. at 289-91, 115 S.Ct. 2137. In this context, the district court may either dismiss, abstain, or stay the federal action. *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

The Court considers the following factors in determining whether to exercise its jurisdiction: (1) the avoidance of needless determinations of state law issues; (2) discouragement of forum shopping; and (3) avoidance of duplicative litigation. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Gov't. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). Where there is no parallel state proceeding, "the court must balance concerns of judicial administration, comity, and fairness to the litigants in determining whether to exercise jurisdiction over a declaratory judgment action." *Evanston Ins. Co. v. Workland & Witherspoon, PLLC*, No. 2:14-CV-00193-RMP, 2014 WL 4715879 at *3 (E.D. Wash. Sept. 22, 2014).

Courts have discretion to abstain or stay from considering a declaratory judgment action if the federal case does not require resolution of legal or factual issues in dispute in the state court proceeding. However, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. Moreover, the Washington Supreme Court routinely approves of insurers filing declaratory judgment actions during the pendency of state court actions where their coverage liability is uncertain. *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 54, 164 P.3d 454 (2007).

All of the *Brillhart* factors favor retention of jurisdiction over this action.

1. <u>Avoidance of Needless Determination of State Law Issues</u>

The first *Brillhart* factor does not weigh in favor of the Court abstaining as it is not being asked to make needless determinations of state law.

In assessing whether the exercise of jurisdiction over a declaratory judgment action involves a needless determination of state law, courts focus on "unsettled issues of state law, not fact-finding in the specific case." *Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d 1112, 1120 (D.

Haw. 2006) (quoting *Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998)); *Hartford Underwriters Ins. Co. v. Masters*, Civ. Nos. 10-00629 JMS-BMK, 2011 WL 2173779, at *9 (D. Haw. June 2, 2011) ("Thus, the court assesses not merely whether the action raises a state law issue (which is the case for almost all diversity actions), but rather whether it presents an unsettled issue of state law").

Needless determination of state law may occur when: there are parallel state proceedings involving precise state law issues; Congress expressly reserved the area of law for the states; and there is no compelling federal interest, *e.g.*, diversity jurisdiction. *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d 1220. Where the "state tort case did not involve the same legal issues as the federal declaratory action, which [is] centered on the coverage dispute rather than liability issues," the Ninth Circuit has declined to abstain. *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999).

In both the Underlying Action and Declaratory Judgment Action, state law provides the rule of decision. However, the issues involved in the Declaratory Judgment action are not the "precise state law issues" involved in the Underlying Action. Whether the Plautz Defendants are entitled to coverage under the Plautz Policy is not at issue in the Underlying Action. And, while Defendant Apgood's ability to recover damages from the Plautz Defendants may be affected by the lack of coverage, the issues of liability (regardless of the theory or theories asserted by Defendant Apgood in the Underlying Action) are not before the Court here. Whether the alleged fraudulent conduct of the Plautz Defendants in the Underlying Action is covered by the Plautz Policy has no bearing on the issue of whether Defendant Apgood reasonably relied on fraudulent representations made by the Plautz Defendants and suffered damages as a result of those

representations. Determining the relief sought by Allstate in the Declaratory Judgment Action does not involve a determination of the merits of the liability issues in the Underlying Action.

Additionally, this District regularly interprets insurance policies under Washington law to determine an insurer's obligations to its insured. And an insurer's duty to defend is evaluated based on the allegations contained in the liability action complaint, not on a claimant's ultimate liability. *Mid-Century Ins. Co. v. Zanco*, 456 P. Supp. 3d 1213 (2020), citing *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 760, 58 P.3d 276 (2002).

  2. <u>Discouragement of Forum Shopping</u>

This second *Brillhart* factor does not weigh in favor of abstention as the Declaratory Judgment Action cannot be said to amount to forum shopping. The issue of coverage liability under the Plautz Policy has not been litigated in any other forum. Allstate could have filed this action in state court, but it was not required to do so. *See Atl. Cas. Ins. Co. v. Bellinger*, 2:16-CV-00422-SAB, 2017 WL 1843714 at *2 (E.D. Wash. May 8, 2017).

  3. <u>Avoidance of Duplicative Litigation</u>

The third *Brillhart* factor weighs against abstention as the legal issues related to coverage in the Declaratory Judgment Action do not overlap with the determination of the merits of the liability issues present in the Underlying Action. As previously noted, an insurer's duty to defend is evaluated based on the allegations contained in the liability action complaint, not on a claimant's ultimate liability. There is no need to avoid duplicative litigation when the federal court action is the only forum in which Allstate's duty to defend is in question. Allstate is not a party to the Underlying Action and no coverage issues are being litigated there. More importantly, there are no overlapping factual issues between the two cases as resolving the coverage issue is solely a matter of contract interpretation, and a "developed factual record" from

the Underlying Action is not at issue in the Declaratory Judgment Action. This Court is the only forum that has been asked to decide the issue of coverage.

### 4. Other Concerns

The Ninth Circuit suggests that the *Brillhart* factors are not exhaustive and have suggested other considerations such as "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Dizol*, 133 F.3d at 1225 n.5 (internal citation omitted).

The parties did not brief any of these additional factors and the Court does not find that any of them warrant detailed discussion as the primary *Brillhart* factors weigh heavily in favor of denying Defendant Apgood's motion to abstain. In sum, declaratory relief will not settle all aspects of the broader controversy, as the Underlying Action must still be litigated. Litigating the coverage issue may serve a useful purpose because it could clarify Allstate's legal obligations in defendant or indemnifying the Plautz Defendants and such a clarification would be important in determining the possible sources of recovery should Defendant Apgood prevail in the Underlying Action. The Court has already noted that adjudicating this case will not involve the determination of the same factual or legal issues, which alleviates any concerns about inconsistent rulings however, the federal and state court systems may become entangled if Allstate succeeds in establishing it is not responsible for defending the Plautz Defendants in the Underlying Action. *See Young's Corral LLC*, 2011 WL 3759497 at *4. However, it does not

ORDER DENYING DEFENDANT
APGOOD'S MOTION TO DISMISS - 12

appear that Allstate is looking to obtain a procedural or res judicata advantage as the coverage issue is not being litigated in the Underlying Action and Allstate is not a party to that proceeding. Litigating this action will not be overly inconvenient to Defendant Apgood as a second lawsuit, whether filed in state or federal court, would have been necessary to determine the coverage issues. Finally, while Allstate could have filed this action in state court, it did not need to do so and there is nothing to indicate that filing in state court would be more convenient than filing in federal court. On balance, these factors favor retention of this case.

In sum, the Court concludes that the *Brillhart* factors, along with the additional factors identified in *Dizol*, weigh in favor of the Court entertaining the action.

## CONCLUSION

This Court has subject matter jurisdiction of the Declaratory Judgment Action as the parties are diverse and the amount in controversy – considering the value of the Underlying Action – exceeds $75,000. Defendant Apgood has an interest in the controversy between Allstate and the Plautz Defendants and therefore, is a necessary party to the Declaratory Judgment Action. Finally, the Court finds that all the *Brillhart* factors and additional factors identified in *Dizol* favor the Court's retention of this Declaratory Judgment Action. Accordingly, it is

**ORDERED** that Defendant Apgood's motion to dismiss (Dkt. 12) is **DENIED**.

DATED this 19th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge